ROBERT NASH, APPELLANT, V. CITY OF NORTH PLATTE, NEBRASKA, A POLITICAL SUBDIVISION, APPELLEE.

255 N. W. 2d 52

Filed June 8, 1977. No. 41035.

Murphy, Pederson & Piccolo and LeRoy Anderson, for appellant.

Donald Rowlands, II, of Baskins & Rowlands, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

On October 14, 1974, the plaintiff Robert Nash was the owner of a 1962 Harley-Davidson motorcycle of the stipulated value, with engine, of $2,400. On that day a friend of the plaintiff was returning the motorcycle to Nash' home when he was stopped by a police officer of the defendant City of North Platte, Nebraska. The officer discovered that the operator did not have on his person a valid driver's license and was not possessed of a registration for the motorcycle. The officer checked with the National Crime Information Center and was informed by it by teletype that the serial number on the motorcycle en-

gine matched the number of an engine reported stolen in Tulsa, Oklahoma. The motorcycle was impounded by the officer and placed in a locked, fenced area in the City of North Platte, Nebraska.

On his return to North Platte, the plaintiff, an employee of the Union Pacific Railroad, went to the North Platte police department, secured details of the impoundment, and proved to the undisputed satisfaction of the North Platte police department that the motorcycle engine was purchased from a dealer in North Platte, and then installed on a motorcycle frame which had previously belonged to the plaintiff. The parties have conceded that the plaintiff was an innocent purchaser of the motorcycle engine. The motorcycle was retained in the possession of the North Platte police department at its impoundment area until January 3, 1975, when the impoundment area was broken into and the motorcycle stolen. The plaintiff filed a claim against the defendant City of North Platte under the Political Subdivisions Tort Claims Act and the claim was not acted on within the statutory period. He then filed the action for the value of the motorcycle and engine against the City of North Platte in the county court. The defendant City of North Platte, by way of answer, alleged first that the claim against the city was barred by the operation of the Political Subdivisions Tort Claims Act, specifically section 23-2409 (3), R. R. S. 1943. The provisions of this act shall not apply to: "(3) Any claim arising in respect to the assessment or collection of any tax or fee, *or the detention of any goods or merchandise by any law enforcement officer.*" (Emphasis supplied.) The defendant, by answer, further alleged that the police had exercised due care in the impounding and protection of the plaintiff's motorcycle. The county court in its judgment found that the action was barred by the above-quoted section and dismissed the plaintiff's action. The plaintiff appealed to the

District Court and the county court judgment was affirmed. The plaintiff appeals to this court. We reverse and remand.

The Political Subdivisions Tort Claims Act of Nebraska is modeled after the Federal Tort Claims Act. Section 23-2409, R. R. S. 1943, is similar to Title 28 U. S. C. A., § 2680(c), which excludes "any claim arising in respect of the assessment or collection of any tax or customs duty, *or the detention of any goods or merchandise* by any officer of customs or excise or any other law enforcement officer." (Emphasis supplied.)

In 2 Jayson, Handling Federal Tort Claims, c. 13, § 256.03, p. 9, the author discussed Alliance Assurance Co. v. United States, 252 F. 2d 529, and concluded the court "drew a distinction between (1) a claim based upon the *detention* of goods, which is barred by the clause; and (2) a claim based upon *injury to or loss of the goods* while being detained, which it held was not barred. The suit was brought for damages for the negligent loss of a case of English woolens which, while under inspection for entry into this country, mysteriously disappeared from the possession of United States Customs at an official government warehouse. * * *

"The government argued that the detention of goods exclusion of Section 2680 (c) covers not only a refusal to deliver goods admittedly in the possession of customs authorities but also a loss of goods formerly in their possession. The court, however, rejected this view in these words:

" 'In theory, at least, in order to detain, one must possess something to detain. The probable purpose of the exception was to prohibit actions for conversion arising from a denial by the customs authorities or other law enforcement agencies of another's immediate right of dominion or control over goods in the possession of the authorities. An examination of the cases in which the exception was asserted re-

veals that it is normally used to bar actions based upon the illegal seizure of goods. * * * the exception does not and was not intended to bar actions based on the negligent destruction, injury or loss of goods in the possession or control of the customs authorities * * *.' '' We think the reasoning of the federal court is sound.

The detention of goods is defined: "The act of keeping back or withholding, either accidentally or by design, a person or thing." Black's Law Dictionary (4th Ed.), p. 536. We believe that the definition does fairly imply that the goods, whether seized illegally, or as in this case legally, were required to be, in the normal course of their detention, ultimately returned to the person properly entitled to their possession. We hold that the City of North Platte is not immune under the terms of the Political Subdivisions Tort Claims Act from liability for failure to return those goods seized and detained by it.

The rule, however, is not one of absolute liability on behalf of the city. As in other cases, in an action for the bailee's failure to exercise required care whereby bailed property has become lost, destroyed, or injured, the plaintiff has the burden of proving the negligence of the bailee which proximately caused the loss or injury. Sankey v. Williamsen, 180 Neb. 714, 144 N. W. 2d 429. However, "loss or injury of bailed property while in the hands of the bailee ordinarily raises a presumption of negligence * * *. * * * generally, the effect of this * * * rule is not to shift the ultimate burden of proof from bailor to bailee, but merely to shift the burden of proceeding or going forward with the evidence; the ultimate burden of establishing negligence is on the bailor and remains on him throughout the trial." 8 C. J. S., Bailments, § 50, pp. 518, 522. The county court received evidence concerning the degree of care and the circumstances surrounding the impoundment. Neither the county court nor the District Court made a deter-

mination thereon. In each case the courts found that the City of North Platte was immune from suit.

We reverse the judgment and remand the cause to the District Court for a determination on the issue of whether the City of North Platte exercised the appropriate degree of care in the detention of the plaintiff's motorcycle.

REVERSED AND REMANDED.