BUTLER COUNTY SCHOOL DISTRICT NO. 502, ALSO KNOWN AS
EAST BUTLER PUBLIC SCHOOLS, A POLITICAL SUBDIVISION
OF THE STATE OF NEBRASKA, APPELLANT, V.
CHRISTINE MEYSENBURG, IN HER CAPACITY AS
BUTLER COUNTY CLERK, AND BUTLER COUNTY,
A POLITICAL SUBDIVISION OF THE
STATE OF NEBRASKA, APPELLEES.

683 N.W.2d 367

Filed July 16, 2004.    No. S-03-171.

Steve Williams, of Recknor, Williams & Wertz, for appellant.

Randall L. Goyette and Andrew K. Smith, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
Appellant, Butler County School District No. 502, also known as East Butler Public Schools (the school district), brought this action pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997 & Supp. 1999). The amended petition is the operative petition for purposes of this appeal. In the amended petition, the school district alleged that Christine Meysenburg, the Butler County clerk, failed to properly record and transcribe in the "2000 Abstract of Levies" a levy set by the school district's board of education. Butler County was also named as a defendant. As a result of Meysenburg's alleged "negligent or wrongful act, error, omission, or breach of duty," the school district claimed it received $150,000 less from the special building fund levy than had been approved. Appellees demurred to the amended petition, claiming that the amended petition failed to state a cause of action and that appellees were immune from liability. The district court for Butler County sustained the demurrer and dismissed the action without leave to replead. The school district appeals. We affirm the district court's decision sustaining the demurrer without leave to replead and dismissing the school district's action.

## STATEMENT OF FACTS
On August 2, 2002, the school district filed an initial petition against Meysenburg and the Butler County Board of Supervisors,

alleging a claim against these defendants under the Political Subdivisions Tort Claims Act. Meysenburg and the board of supervisors demurred to the petition, alleging that there was a defect in the parties as to the board of supervisors and that the petition failed to state a cause of action. The school district conceded that the board of supervisors was not a proper party to the action, and the demurrer as to the board of supervisors was sustained on this ground. The board of supervisors is no longer a party to these proceedings. The district court sustained the demurrer on the additional ground that the petition failed to state a cause of action, and the school district was given leave to replead.

On December 4, 2002, the school district filed its amended petition in which it named Meysenburg and Butler County as defendants. The following facts are alleged in the amended petition: On September 11, 2000, the school district's board of education passed a resolution entitled "2000-2001 Tax Request Resolution for East Butler School District 12-0502," which adopted the 2000-2001 budget information contained in a previous tax request hearing notice. See Neb. Rev. Stat. § 77-1601.02 (Cum. Supp. 2000). Pursuant to the resolution, the school board set a tax request for a special building fund at $150,000 and created a levy of .0930 per $100 of taxable valuation of property subject to the levy.

According to paragraph 8 of the amended petition, shortly after the resolution was passed, and in accordance with Neb. Rev. Stat. § 13-508 (Cum. Supp. 2000), the school board filed the "2000-2001 State of Nebraska School District Budget Form for the East Butler Public Schools" with Meysenburg, in her capacity as the Butler County clerk. As alleged by the school district in paragraph 14 of the amended petition, "[p]ursuant to Neb. Rev. Stat. § 23-1302 [(Reissue 1997)] and/or other Nebraska Law, [Meysenburg] had a legal duty to accurately record and transcribe the levy amount . . . in the 2000 Abstract of Levies." Attached to the amended petition as exhibit D is a seven-page document entitled "2000 Abstract of Levies," which the school district alleged is a true and correct copy of the "2000 Abstract of Levies" maintained by Meysenburg. Exhibit D contains, inter alia, a list of governmental subdivisions and their corresponding levy amounts. The last page of exhibit D contains a certification

and the stamp of the Butler County clerk. Meysenburg signed the certification on the last page of exhibit D in her capacity as "Butler County Clerk," and the document bears a handwritten date of October 26, 2000. The following language appears above Meysenburg's signature: "I, Christine Meysenburg, County Clerk in and for Butler County, Nebraska, do hereby certify the above tax levies for Butler County taxing districts as set by the political subdivisions and approved by the County Board of Supervisors on October 13, 2000."

According to paragraph 9 of the amended petition, Meysenburg "failed to properly record or transcribe" in the 2000 abstract of levies the special building fund levy which had been set by the school district's school board, and according to paragraph 19, Meysenburg "publicly admitted . . . that she 'just made a mistake.' " The school district alleged that as a result of this failure, it had been damaged "in that it will receive $150,000.00 less from the special building fund levy than was approved." For its relief, the school district claimed that as a result of appellees' "failure to certify a proper levy pursuant to Neb. Rev. Stat. § 77-1601.02," the school district was · entitled to receive $150,000 from appellees.

On December 23, 2002, appellees filed a demurrer to the amended petition. Appellees claimed that the amended petition failed to state a cause of action and that appellees were immune from liability. In support of their demurrer, appellees relied upon § 13-910, which provides, in pertinent part, that "[t]he Political Subdivisions Tort Claims Act . . . shall not apply to . . . (5) Any claim arising with respect to the assessment or collection of any tax or fee . . . ."

A hearing was held on appellees' demurrer. In a journal entry filed February 4, 2003, the district court sustained the demurrer, stating that "the [school district] seeks to impose liability for an act which falls within the ambit of the 'assessment and collection' of taxes. Sovereign immunity as to such acts has been preserved and no suit against . . . Meysenburg in her official capacity or the county can be sustained . . . ." The district court dismissed the school district's amended petition without leave to replead, concluding, "there is no reasonable possibility that further pleading will cure the defect." The school district appeals.

## ASSIGNMENT OF ERROR

On appeal, the school district assigns one error, which, restated, claims that the district court erred in sustaining appellees' demurrer and dismissing the school district's amended petition without leave to replead.

## STANDARDS OF REVIEW

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Central Neb. Pub. Power v. Jeffrey Lake Dev.*, 267 Neb. 997, 679 N.W.2d 235 (2004). When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29 (2004).

## ANALYSIS

At issue in this case is whether the school district's amended petition states a cause of action against appellees. If the amended petition fails to state a cause of action, we consider whether the district court should have granted leave to the school district to replead. In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Chambers v. Lautenbaugh*, 263 Neb. 920, 644 N.W.2d 540 (2002). A demurrer reaches an exhibit filed with the petition and made a part thereof, so that a court can consider such exhibit in determining whether the petition states a cause of action. *Tilt-Up Concrete v. Star City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001).

A statement of facts sufficient to constitute a cause of action means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Stahlecker v. Ford Motor Co.*, 266 Neb. 601, 667 N.W.2d 244

(2003). In determining whether a cause of action has been stated, the petition is to be construed liberally, and if, as so construed, the petition states a cause of action, a demurrer based on the failure to state a cause of action must be overruled. *Regier v. Good Samaritan Hosp.*, 264 Neb. 660, 651 N.W.2d 210 (2002).

When a demurrer to a petition is sustained, a court must grant leave to amend the petition unless it is clear that no reasonable possibility exists that amendment will correct the defect. *Id.* Before error can be predicated upon the refusal of a trial court to permit an amendment to a petition after a demurrer is sustained, the record must show that, under the circumstances, the ruling of the court was an abuse of discretion. *Drake v. Drake*, 260 Neb. 530, 618 N.W.2d 650 (2000).

The district court sustained the demurrer on the basis that appellees were immune under § 13-910(5) of the Political Subdivisions Tort Claims Act which exempts "[a]ny claim arising with respect to the assessment or collection of any tax or fee . . . ." In support of its argument that the district court erred in sustaining appellees' demurrer, the school district essentially claims that Meysenburg's purported negligence as alleged in the amended petition is not exempt under the Political Subdivisions Tort Claims Act. We disagree.

In its amended petition, the school district alleges that after the school board passed the resolution setting the special building fund levy, the board filed the necessary levy form with Meysenburg. The school district further alleges that under state law, Meysenburg "had a legal duty to accurately record and transcribe the levy amount . . . in the 2000 Abstract of Levies." The amended petition describes Meysenburg's duties and refers to § 77-1601.02 and Neb. Rev. Stat. § 23-1302 (Reissue 1997). Meysenburg's duties as alleged in the amended petition are not inconsistent with these statutes.

Paragraph 9 of the amended petition refers to and incorporates exhibit D. As noted above, exhibit D is a document entitled "2000 Abstract of Levies," which lists Butler County governmental subdivisions and their corresponding levy amounts. The document bears Meysenburg's signature and contains her certification as follows: "I, Christine Meysenburg, County Clerk in and for Butler County, Nebraska, do hereby certify the above tax

levies for Butler County taxing districts as set by the political subdivisions and approved by the County Board of Supervisors on October 13, 2000." Exhibit D does not contain an entry for the school district's special building fund levy. In paragraph 9, the school district alleges that contrary to the certification contained in exhibit D, Meysenburg "failed to properly record or transcribe" in the 2000 abstract of levies the special building fund levy set by the school district's school board. The school district claimed that as a result of Meysenburg's negligence, the school district had been harmed in the amount of $150,000, an amount which we observe is equal to the sum which was to have been generated by the special building fund levy.

As indicated above, in sustaining the demurrer, the district court relied on § 13-910, entitled "Act and sections; exemptions," which provides that "[t]he Political Subdivisions Tort Claims Act . . . shall not apply to . . . (5) Any claim arising with respect to the assessment or collection of any tax or fee . . . ." We have stated that statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver. *Salazar v. Scotts Bluff Cty.*, 266 Neb. 444, 665 N.W.2d 659 (2003). A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Id.*; *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). See *King v. State*, 260 Neb. 14, 614 N.W.2d 341 (2000). Our analysis of the Political Subdivisions Tort Claims Act is guided by its plain language and the presumption against a waiver.

Referring to § 13-910(5) and the amended petition, appellees assert that any claim the school district may have as a result of Meysenburg's failure to record the school district's special building fund levy is a " 'claim arising with respect to' " the county's assessment or collection of taxes, and thus is exempt under § 13-910(5). Brief for appellee at 10. In support of their claim that they are immune from suit, appellees also rely, in part, on federal cases.

With respect to appellees' reliance on federal cases, we note that the language in Nebraska's Political Subdivisions Tort

Claims Act is modeled after the Federal Tort Claims Act and that § 13-910(5) is similar to 28 U.S.C. § 2680(c) (2000), the latter of which excludes "[a]ny claim arising in respect of the assessment or collection of any tax . . . ." We have previously referred to federal case law under 28 U.S.C. § 2680(c) in applying § 13-910(5). See *Nash v. City of North Platte*, 198 Neb. 623, 255 N.W.2d 52 (1977), *overruled on other grounds, Knight v. H & H Chevrolet*, 215 Neb. 166, 337 N.W.2d 742 (1983). As noted by appellees, the federal courts have repeatedly stated, albeit in different factual contexts, that the language "in respect of" found in 28 U.S.C. § 2680(c) should be interpreted broadly, thereby preserving immunity. See, e.g., *Perkins v. U.S.*, 55 F.3d 910, 915 (4th Cir. 1995) (stating "exemption immunizes the [Internal Revenue Service] from suit for activities that are even remotely related to . . . tax assessment or collection"); *Capozzoli v. Tracey*, 663 F.2d 654, 658 (5th Cir. 1981) (stating that language "*in respect of* . . . is broad enough to encompass any activities of an [Internal Revenue Service] agent even remotely related to his or her official duties"). The federal analysis is consistent with our approach construing immunity statutes in favor of the sovereign and against waiver.

Examining the school district's allegations in relation to the language of § 13-910(5), and reading this statute in favor of the sovereign and against waiver, we determine that Meysenburg's acts of recording, transcribing, and certifying the tax levies, as alleged in the school district's amended petition, are acts performed "with respect to the assessment and collection of taxes," and as a result are exempt under the Nebraska Political Subdivisions Tort Claims Act. It is apparent from the allegations in the school district's amended petition and exhibits that Meysenburg's duties generally with regard to transcribing and recording levies, and in particular her act in this case of certifying levies set by Butler County governmental subdivisions are acts undertaken to assist in the assessment and collection of taxes and are immune from liability under § 13-910(5). See *LaBarge v. City of Concordia*, 23 Kan. App. 2d 8, 17, 927 P.2d 487, 493 (1996) (interpreting Kansas Tort Claims Act which excepts claims involving "the assessment or collection of taxes"

and stating that "[i]t is obvious that the County cannot be held liable in damages resulting from the preparation of its tax assessment rolls . . . . These rolls were prepared to assist in the assessment and collection of taxes, and the County is specifically immune from liability [under tort claims statute]"). Accordingly, the school district did not state a cause of action against appellees based upon Meysenburg's alleged failure to record, transcribe, and certify the special building fund levy, and the district court did not err in sustaining appellees' demurrer to the amended petition. See § 13-910(5).

Given the allegations in the amended petition and the terms of § 13-910(5), there is no showing of a legal liability of appellees to the school district, and no reasonable possibility exists that amendment will correct the defect. See *Regier v. Good Samaritan Hosp.*, 264 Neb. 660, 651 N.W.2d 210 (2002). Accordingly, the district court did not abuse its discretion in granting appellees' demurrer without leave to replead. We affirm.

## CONCLUSION

The district court correctly sustained appellees' demurrer to the amended petition and did not abuse its discretion in denying leave to replead. We affirm the district court's order.

AFFIRMED.