Twin Towers Development, Inc., a Nebraska corporation, appellant, v. Butternut Apartments, L.P., also known as Butternut Apartments Limited Partnership, appellee.

599 N.W. 2d 839

Filed August 20, 1999.   Nos. S-98-423, S-98-653.

James D. Sherrets and Theodore R. Boecker, Jr., of Sherrets & Associates, for appellant.

Thomas M. White, of Welch, White & Wulff, for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

WRIGHT, J.

## NATURE OF CASE

In this consolidated appeal, Twin Towers Development, Inc., appeals from the sustaining of a demurrer to its third amended petition and dismissal of its action against Butternut Apartments, L.P., also known as Butternut Apartments Limited Partnership, on an alleged purchase agreement.

## SCOPE OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999); *Hoiengs v. County of Adams*, 254 Neb. 64, 574 N.W.2d 498 (1998). If from the facts stated in a petition it appears that the plaintiff is entitled to any relief, a general demurrer will not lie. *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996).

## FACTS

Twin Towers Development, Inc., brought an action against Butternut Apartments, L.P., also known as Butternut Apartments Limited Partnership, and Butternut Partners, Inc., seeking declaratory judgment and specific performance of an alleged purchase agreement. The district court sustained a general demurrer to Twin Towers' petition with leave to amend.

On February 10, 1998, the district court sustained a general demurrer to Twin Towers' first amended petition. The court ordered that count I of the petition be dismissed, but allowed Twin Towers to amend its petition as to count II.

On March 5, 1998, the court sustained a general demurrer to Twin Towers' second amended petition, dismissed that petition as to Butternut Partners, Inc., only, and granted leave to amend as to a theory of recovery for fraudulent representation. On April 21, the court sustained a demurrer and dismissed Twin Towers' third amended petition. Twin Towers appeals.

Twin Towers' third amended petition alleged that on or about May 20, 1997, Twin Towers entered into an agreement with

Butternut, a copy of which was attached. It was also alleged that it was intended and agreed that the purchaser, Twin Towers, would have the right to buy the property subject to the right to cancel the contract in accordance with specific terms set forth in the agreement.

Twin Towers asserted that under the agreement, it had until July 20, 1997, to notify Butternut in writing of any objections to the conditions for purchase of the property or else be deemed to have accepted the conditions, at which time both parties would be obligated to close. The closing was to occur on or about July 20, and Twin Towers alleged that time was not of the essence.

Twin Towers alleged that prior to July 20, 1997, it did not notify Butternut of any objections and intended by its silence to proceed to closing. Therefore, Twin Towers claimed that closing should have gone forward by July 20 or within a reasonable time thereafter. Twin Towers asserted that it made an oral and written demand on Butternut to close. The written demand was attached to the petition and was dated July 22, 1997. Twin Towers alleged that Butternut refused to close, resulting in damages to Twin Towers, and that without further action by the court, additional damages would be incurred. Twin Towers asserted that it was an interested party under the agreement; that its rights, status, and legal relations would be affected or determined by the construction of the agreement; and that Twin Towers was without a legal remedy at law.

The third amended petition prayed for a judgment and order from the district court (1) to declare Twin Towers' rights under the agreement; (2) to require Butternut to specifically perform their obligations under the agreement; (3) alternatively, to direct specific performance decreeing an equitable reformation of the terms of the agreement to reflect the parties' intentions of entering into a purchase agreement; (4) alternatively, to award Twin Towers all of its damages; (5) to award Twin Towers court costs and attorney fees; and (6) to grant such further relief that the court may deem just or equitable under the premises.

## ASSIGNMENTS OF ERROR

Twin Towers asserts that the district court erred (1) in sustaining Butternut's demurrer to Twin Towers' third amended

petition; (2) in dismissing Twin Towers' third amended petition without granting an opportunity for further amendment; (3) in failing to pronounce what Twin Towers' rights, legal status, or relations were vis-a-vis Butternut and the subject property under the contract which is the subject of the instant action; (4) in failing to first determine whether the subject agreement was ambiguous before dismissing the third amended petition; (5) in dismissing the third amended petition and refusing to allow Twin Towers to assert a claim for reformation of the subject agreement; and (6) in dismissing the third amended petition and refusing to allow Twin Towers to assert a claim of fraudulent inducement.

## ANALYSIS

In considering whether the trial court erred in granting Butternut's demurrer to Twin Towers' third amended petition, we consider whether such petition stated a cause of action. A statement of "facts sufficient to constitute a cause of action," as used in Neb. Rev. Stat. § 25-806(6) (Reissue 1995), means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997); *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997). In determining whether a cause of action has been stated, the petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action must be overruled. *Giese v. Stice, supra*; *Pratt v. Nebraska Bd. of Parole, supra.*

Twin Towers first asserts that its third amended petition stated a cause of action for a declaratory judgment, determining its rights under the contract with Butternut. Twin Towers asserts that the contract as written, or as interpreted if deemed to be ambiguous, is a purchase agreement. Twin Towers asserts that under the contract, in the absence of notice, it was deemed to have accepted all the conditions of the agreement and had performed all the necessary obligations and that Butternut had breached the agreement by failing to close. Alternatively, Twin Towers asserts that even if required to send notice of acceptance, time was not of the essence, and that the July 22, 1997,

written demand sent to Butternut was therefore sufficient to satisfy its obligations under the contract.

The meaning of an unambiguous contract is a question of law. *Kropp v. Grand Island Pub. Sch. Dist. No. 2*, 246 Neb. 138, 517 N.W.2d 113 (1994). Whether a document is ambiguous is a question of law. *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996). A determination as to whether ambiguity exists in a contract is to be made on an objective basis, not by the subjective contentions of the parties; thus, the fact that the parties have suggested opposing meanings of the disputed instrument does not necessarily compel the conclusion that the instrument is ambiguous. *Estate of Stine v. Chambanco, Inc.*, 251 Neb. 867, 560 N.W.2d 424 (1997).

Regardless of whether the contract was an option or a purchase agreement or whether Twin Towers was obliged to send notice of acceptance, we conclude as a matter of law that the contract unambiguously sets forth the condition that closing occur no later than July 20, 1997. Paragraph 9 of the agreement states:

9. Closing. Closing shall be held at the offices of Investors Realty, Omaha, Nebraska, or at such other place as Seller and Purchaser may mutually otherwise agree. Provided that Purchaser has delivered timely written notice to Seller of the satisfaction or waiver of all conditions set forth in Paragraphs 4 and 5.2 above, Closing shall occur within and no later than 7 days after the date such notice is delivered to Seller, but in no event after July 20, 1997. Purchaser shall be entitled to possession as of the date of Closing.

Paragraph 12 of the agreement, entitled "Expiration," stated, "This Agreement shall expire on July 20, 1997, and Purchaser's right to purchase the Property herein described shall terminate at 5:00 p.m. on that date."

Under the plain language of paragraph 9, closing before July 20, 1997, is a concurrent condition to the contract. While in an ordinary contract for the sale of real estate, time is not of the essence, time may be made of the essence when provided for in the agreement itself or clearly manifested by the agreement construed in light of surrounding circumstances. See, *Frenzen v. Taylor*, 232 Neb. 41, 439 N.W.2d 473 (1989); *Menke v. Foote*,

199 Neb. 800, 261 N.W.2d 635 (1978). It is clear that the language of the contract provides that time is of the essence in the closing of the described real estate. Where there are concurrent conditions, neither party can sue for a nonperformance by the other unless he or she shows a performance or offer to perform. 77 Am. Jur. 2d *Vendor and Purchaser* § 75 (1997). See, also, *Johnson v. Higgins*, 77 Neb. 35, 108 N.W. 168 (1906).

However, in considering whether Twin Towers' third amended petition stated a cause of action, we rely on Neb. Rev. Stat. § 25-836 (Reissue 1995), which provides that in pleading the performance of conditions precedent in a contract, "it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading must establish on the trial the facts showing such performance." Under § 25-836, a plaintiff is authorized to plead a general performance of all conditions precedent. If a defendant wishes to rely on the nonperformance of the contract by the plaintiff, the defendant must allege that fact in his or her answer by setting out specially the condition and the breach, thus confining the issue to be tried to such particular condition or conditions precedent as the defendant may indicate as unperformed. See *Dinkel v. Hagedorn*, 156 Neb. 419, 56 N.W.2d 464 (1953).

Here, Twin Towers generally alleged that it had performed all conditions of the contract, and Butternut has not yet filed a responsive pleading. Thus, we conclude that Twin Towers stated a cause of action under the theory of breach of contract.

Twin Towers next contends that it stated a cause of action under the alternative theory of equitable reformation. A court may reform an agreement when there has been either a mutual mistake or a unilateral mistake caused by fraud or inequitable conduct on the part of the party against whom reformation is sought. *Walker v. Walker Enter.*, 248 Neb. 120, 532 N.W.2d 324 (1995); *Records v. Christensen*, 246 Neb. 912, 524 N.W.2d 757 (1994). The right of reformation presupposes that the instrument does not express the true intent of the parties, and the purpose of reformation is to make an erroneous instrument express the real agreement. *Waite v. Salestrom*, 201 Neb. 224, 266 N.W.2d 908 (1978).

Construing Twin Towers' third amended petition liberally, the petition asserts that it was the intent of the parties, or, alternatively, it was Twin Towers' intention and Butternut's representation, that time was not of the essence in closing. Thus, closing was to occur within a reasonable time after July 20. Twin Towers' petition alleges that on July 22, 1997, it sent a written demand to Butternut that a time be arranged for closing.

Therefore, Twin Towers has pled facts which may warrant reformation of the agreement so as to state the parties' intent that time not be of the essence in closing. Because the petition further alleges that Twin Towers tendered performance within a reasonable time, we conclude that the third amended petition sets forth facts sufficient to state a cause of action on the theory of equitable reformation.

For the foregoing reasons, the trial court erred in sustaining the demurrer and dismissing the petition. Thus, we reverse the trial court's order sustaining the demurrer and dismissing the petition, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.