ROBERT J. PROKOP, M.D., APPELLANT, V.
NANCY HOCH ET AL., APPELLEES.
607 N.W. 2d 535

Filed March 17, 2000. No. S-97-1104.

1010

Robert J. Prokop, M.D., pro se.

Richard H. Hoch, of Hoch, Funke & Kelch, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

Unlike fine wine, most lengthy and acrimonious lawsuits do not age well. This dispute between Robert J. Prokop and Nancy Hoch is no exception. Prokop seeks recovery from Hoch, Richard Hoch, and the law firm of Hoch & Steinheider (hereinafter collectively the appellees) for libel or slander, malicious prosecution, and for filing a frivolous pleading. The appellees demurred to Prokop's fourth amended petition on the bases that any causes of action arising from a previous lawsuit filed by

Hoch against Prokop were barred by the statute of limitations and that the remainder of Prokop's petition failed to state a cause of action. Agreeing with the appellees, the district court sustained their demurrers, dismissed the action, and denied Prokop further opportunity to amend his petition. Prokop appealed. For the reasons stated herein, we conclude that the district court properly dismissed Prokop's action and denied him leave to amend his petition.

## FACTUAL BACKGROUND

Hoch and Prokop opposed each other politically in 1988 as candidates for the elected position of University of Nebraska regent. During the campaign, Prokop authored a campaign flier criticizing Hoch's political record and mailed it to approximately 40,000 households. See *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993). Hoch demanded a retraction, insisting that Prokop's flier was libelous. After the demand was refused, Hoch filed a libel lawsuit against Prokop on November 1, 1988 (the November 1988 lawsuit). After voluntarily dismissing that action, Hoch refiled it on December 5 (the December 1988 lawsuit). Exhibits attached to Prokop's petition in the instant case show that both lawsuits drew moderate media attention.

After Prokop's motion for summary judgment was granted by the district court in the December 1988 lawsuit, Hoch appealed to this court. We explained in *Hoch v. Prokop* that Prokop's motion for summary judgment should have been treated as a motion for judgment on the pleadings since it asserted that Hoch had failed to state a cause of action, and we concluded that the district court committed plain error insofar as it failed to (1) treat Prokop's summary judgment motion as a demurrer, (2) find that Hoch failed to state a cause of action, and (3) grant Hoch leave to amend her petition. The case was then remanded for further proceedings. On remand, Hoch's motion to dismiss the lawsuit with prejudice was granted by the trial court on October 12, 1995.

On October 10, 1996, Prokop filed the instant action in the district court for Saline County, alleging a cause of action for malicious prosecution. Notwithstanding several attempts by the district court to advise Prokop on how he might cure the defects

in the petition, Prokop filed his fourth amended petition pro se, which petition is the operative petition in the instant case. Prokop seeks recovery for libel or slander, malicious prosecution, and filing frivolous pleadings. Hoch filed a motion for partial summary judgment alleging that all of Prokop's claims arising from the November 1988 lawsuit were barred by the statute of limitations. Hoch's motion was treated as a demurrer by the district court. Each of the appellees also demurred to Prokop's petition on the grounds that it failed to state a cause of action.

The district court sustained the appellees' demurrers, finding that the statute of limitations had expired with respect to certain causes of action and that the remainder of Prokop's petition failed to state a cause of action and failed to separate respective causes of action against any of the appellees. The district court thereafter determined that further amendments to the petition could not lead to a different result and dismissed the case, denying Prokop further opportunity to amend his petition. Prokop timely appealed to the Nebraska Court of Appeals, and we moved the case to our own docket pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENTS OF ERROR

Prokop alleges, restated and summarized, that the district court erred in (1) finding some of Prokop's causes of action barred by the applicable statute of limitations, (2) finding that the balance of Prokop's petition failed to state a cause of action, and (3) dismissing Prokop's petition without granting leave to amend.

## STANDARD OF REVIEW

In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept conclusions of the pleader. *Twin Towers Dev. v. Butternut Apartments*, 257 Neb. 511, 599 N.W.2d 839 (1999). An order sustaining a demurrer will be affirmed if any one of the grounds on which it was asserted is well taken. *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998).

■ If, upon the sustainment of a demurrer, it is clear that no reasonable possibility exists that an amendment will correct a pleading defect, leave to amend need not be granted. *Neb. Against Exp. Gmblg. v. Neb. Horsemen's Assn., ante* p. 690, 605 N.W.2d 803 (2000).

## ANALYSIS

Prokop first assigns that the district court erred by finding some of his claims barred by the statute of limitations. Because we determine that the statute of limitations has expired in regard to Prokop's claims of libel or slander and malicious prosecution of Hoch's November 1988 lawsuit, we conclude that Prokop's first assignment of error is without merit.

■ If a petition alleges a cause of action ostensibly barred by the statute of limitations and fails to allege some excuse tolling the operation and bar of the statute, the petition fails to allege sufficient facts to constitute a cause of action and is subject to a demurrer. *LaPan v. Myers*, 241 Neb. 790, 491 N.W.2d 46 (1992). Under Neb. Rev. Stat. § 25-208 (Reissue 1995), actions for libel, slander, and malicious prosecution are required to have been filed within 1 year from accrual of the cause of action. This court has stated that a cause of action for slander or libel accrues on the date of publication of the defamatory matter. *LaPan v. Myers, supra.* Prokop's petition does not clarify whether his claim is one for libel or for slander; however, such a distinction is irrelevant to our analysis because Prokop's claim was not filed within 1 year from the date of publication of the matter which Prokop claims was defamatory.

Prokop alleges that Hoch's filing of the December 1988 lawsuit, as well as the media attention garnered by the lawsuit, was defamatory. The record reveals that Hoch filed her petition in the December 1988 lawsuit on December 5, 1988. Further, various newspaper articles are attached to Prokop's petition, the most recent of which was published in December 1988. Consequently, any cause of action for libel or slander that was to be filed by Prokop must have been filed by December 1989. The instant lawsuit was filed on October 10, 1996, well after the 1-year statute of limitations had expired. It is evident from the face of Prokop's petition that any claim he may have had for libel or slander is barred by the statute of limitations.

■ Likewise, to successfully plead that any of the appellees maliciously prosecuted the November 1988 lawsuit, Prokop must allege facts which suggest the instant lawsuit was filed within 1 year of the dismissal of the November 1988 lawsuit, which dismissal Prokop claims occurred on November 2, 1988. See *Hackler v. Miller,* 79 Neb. 209, 114 N.W. 274 (1907) (on rehearing) (stating that statute of limitations for malicious prosecution does not begin running until underlying case is terminated). Prokop's initial petition in the instant case was filed October 10, 1996, nearly 7 years after the November 1988 lawsuit had been dismissed. Thus, Prokop's petition also shows that his claim for malicious prosecution of Hoch's November 1988 lawsuit is barred by the statute of limitations. We therefore determine that the district court properly granted the appellees' demurrers on the basis that certain claims were barred by the statute of limitations and conclude that Prokop's first assignment of error is without merit.

Prokop next alleges that the district court erred in finding that the remainder of his petition failed to state a cause of action. The remainder of Prokop's petition consists of a cause of action for malicious prosecution of the December 1988 lawsuit and for filing a frivolous petition. We conclude that the district court properly sustained the appellees' demurrers, as the balance of Prokop's petition fails to state a cause of action.

■ Prokop's fourth amended petition alleges that because the December 1988 lawsuit was ultimately dismissed after numerous amendments to Hoch's pleadings, "the criteria . . . for malicious prosecution" have been established. In a malicious prosecution case, the necessary elements for the plaintiff to establish are (1) the commencement or prosecution of the proceeding against him or her; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage, conforming to legal standards, resulting to the plaintiff. *Gordon v. Community First State Bank,* 255 Neb. 637, 587 N.W.2d 343 (1998). Prokop's petition falls far short of alleging a valid cause of action for malicious prosecution.

■ In determining whether a cause of action has been stated, a petition is to be construed liberally; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Professional Bus. Servs. v. Rosno*, 256 Neb. 217, 589 N.W.2d 826 (1999). Even under the most liberal construction of Prokop's fourth amended petition, we conclude that the petition does not state sufficient facts to state a cause of action for malicious prosecution.

Prokop alleges that the appellees filed a libel cause of action against him which was dismissed with prejudice and without any sort of settlement on October 12, 1995. Such facts could support a conclusion that the appellees initiated a legal proceeding against him and that the proceeding reached a bona fide termination in Prokop's favor. Prokop, however, does not state any facts that would demonstrate malice on the part of the appellees, a lack of probable cause for the December 1988 lawsuit, or damages incurred as a result of the lawsuit. The operative petition merely states conclusions that the appellees acted maliciously and without probable cause and includes a prayer for damages in the sum of $9.1 million.

When asked at oral argument to narrate facts which might support a conclusion that the appellees acted with malice and lack of probable cause for the December 1988 lawsuit, Prokop merely pointed to our opinion *Hoch v. Prokop*, 244 Neb. 443, 507 N.W.2d 626 (1993), and offered nothing else. There is no factual basis for granting Prokop any further opportunities to amend his petition. Prokop's reliance upon *Hoch v. Prokop* for a finding of malice or lack of probable cause is misplaced. In *Hoch v. Prokop*, we concluded that Hoch's petition failed to state a cause of action for libel because the petition failed to allege either falsity or malice as required for public officials under *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964). However, in remanding the cause, we instructed the trial court to grant Hoch an opportunity to amend her petition because the defects in the pleading appeared to be amendable. *Hoch v. Prokop, supra.* There is no construction of that set of circumstances, standing alone, that would support a conclusion of lack of probable cause or malice on the part of Hoch. Based upon Prokop's five prior attempts to plead a

cause of action for malicious prosecution and his representations at oral argument, we determine that any further opportunity to amend his petition regarding this cause of action would prove futile.

 Prokop's fourth amended petition also contains a cause of action for filing a frivolous petition, a cause of action which does not exist in Nebraska. Although a court can sanction a party for filing a frivolous pleading in a case pending before that court, the statutes governing the availability of such a sanction do not provide for an independent cause of action for filing frivolous pleadings. See Neb. Rev. Stat. §§ 25-824 through 25-824.02 (Reissue 1995). Thus, the district court properly determined that the balance of Prokop's petition failed to state a cause of action. We therefore conclude that Prokop's second assignment of error is without merit.

In Prokop's final assignment of error, he contends that the district court erred by not granting him leave to amend his petition before his action was dismissed. The ultimate inquiry in a case such as this is whether leave to amend might have cured the defects in Prokop's petition. As previously explained, Nebraska does not recognize an independent cause of action for filing a frivolous petition, and it would be impossible for Prokop to amend his petition to state such a cause of action. Similarly, since the statute of limitations has expired on Prokop's claims for libel and slander, as well as on any claim of malicious prosecution deriving from the November 1988 lawsuit, leave to amend his petition would be of no avail in regard to such causes of action.

Moreover, the district court granted Prokop numerous opportunities to amend his petition so that it might state a cause of action for malicious prosecution of the December 1988 lawsuit. The district court went so far as to explain the problems with Prokop's petition and encouraged him to obtain legal assistance in drafting it. In spite of this, Prokop's amended petitions became more truncated and conclusory, and at oral argument, Prokop was unable to state any facts which suggested he might be able to cure the defects in the petition. In light of these circumstances, we conclude that no reasonable possibility exists that Prokop will be able to cure those defects were he granted

leave to once again amend. Consequently, we cannot conclude that the district court abused its discretion by denying Prokop leave to amend the fourth amended petition. Prokop's third assignment of error is therefore without merit.

## CONCLUSION

The district court was correct in sustaining the appellees' demurrers as to each of Prokop's causes of action. Moreover, there is no reasonable possibility that granting Prokop leave to amend his petition will cure any of the defects therein. Therefore, the judgment of the district court is affirmed.

AFFIRMED.