RICHARD WILKINSON, APPELLANT, V.
METHODIST, RICHARD YOUNG HOSPITAL ET AL., APPELLEES.

612 N.W. 2d 213

Filed June 16, 2000.    No. S-99-422.

Larry A. Duff for appellant.

P. Shawn McCann, of Sodoro, Daly & Sodoro, P.C., for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Richard Wilkinson, filed a petition alleging that the appellees Methodist, Richard Young Hospital (Methodist, Richard Young); Physicians Clinic; Loreen M. Riedler, M.D.; and D. McClean (collectively the appellees) invaded his privacy after employees of Methodist, Richard Young utilized its computer system to retrieve Wilkinson's insurance information and filed a claim for treatment provided to his daughter. The district court sustained the appellees' demurrer and dismissed the action without leave to amend. We affirm.

## BACKGROUND

Wilkinson filed a second amended petition alleging the following facts: On August 25, 1995, he was hospitalized at Methodist Hospital. At that time, Methodist Hospital obtained information regarding an insurance policy covering himself and his daughter. Methodist Hospital merged with Richard Young Hospital in 1996.

In June 1997, a probation order was signed in Douglas County Court with conditions that the daughter provide proof of a psychiatric evaluation, follow all recommendations of medication and therapy, continue in school, maintain part-time employment, and maintain residence with her grandfather. Between June 5 and October 13, the daughter ran away from her grandfather's residence several times and stole a credit card. The daughter again ran away on October 13, and on October 14, she appeared at the emergency room of Children's Hospital. When emergency room employees called Wilkinson, he told them that the daughter had run away, that she was in violation of her probation terms, and that he wanted her turned over to the police. Wilkinson also told the emergency room employees that he did not consent to the daughter's treatment because this was a scam on her part and that he wanted her to be brought before the court. Wilkinson also refused to provide any information about his health insurance policy.

The daughter was subsequently transferred by the police to Methodist, Richard Young. Wilkinson told the daughter's mother not to sign any papers. However, without Wilkinson's knowledge or consent, the mother entered into a financial agreement with Methodist, Richard Young for the total payment of the daughter's charges. Methodist, Richard Young officials approved the financial arrangement. The mother then contacted Wilkinson, asking for his Social Security number. Wilkinson refused to provide her with this information and also refused to provide information regarding his insurance policy. He refused to consent to treatment and stated that he did not want a claim filed with his insurance company due to his fear that it would raise his premiums and that he did not want to be part of a fraudulent claim. No one from Methodist, Richard Young contacted Wilkinson regarding his consent or his insurance.

Some time between October 14 and November 3, 1997, employees of Methodist, Richard Young utilized its computer system to retrieve Wilkinson's medical records housed at Methodist Hospital. The petition lists separate addresses for these hospitals. As a result, Methodist, Richard Young acquired information necessary to file the insurance claim. Methodist, Richard Young then sent a bill signed by McClean, a provider representative, with Riedler's physician number on it, to Wilkinson's insurance carrier. Wilkinson alleged that Methodist, Richard Young stated in a claim form that it had his consent signature on file when it did not and that Methodist, Richard Young indicated to the insurance company that he had assigned benefits so that payment could be made directly to Methodist, Richard Young. Wilkinson also alleged that the form included false information regarding his employment.

Some time after November 3, 1997, an employee from Methodist, Richard Young called Wilkinson, asking for payment on the account. The employee told him that Methodist, Richard Young had used its computer system to pull up his records from his previous hospitalization at Methodist Hospital. Wilkinson alleged that he was shocked, humiliated, and embarrassed to learn that his private insurance records were accessed and that a claim was filed. Wilkinson also alleged that he sustained general and nominal damages as a result of the retrieval and use of his records.

Based on these allegations, Wilkinson alleged that his privacy had been invaded pursuant to Neb. Rev. Stat. §§ 20-202 to 20-205 (Reissue 1997) on the following grounds: (1) exploitation of his person for commercial purposes, (2) trespass or intrusion upon his solitude, and, (3) placing him before the public in a false light. The appellees demurred to the petition on the basis that it failed to state sufficient facts to constitute a cause of action. The district court sustained the demurrer and dismissed Wilkinson's petition without leave to amend.

## ASSIGNMENTS OF ERROR

Wilkinson assigns that the district court erred in sustaining the appellees' demurrer without granting Wilkinson leave to amend his petition and in dismissing the action with prejudice.

## STANDARD OF REVIEW

■ In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept conclusions of the pleader. *Prokop v. Hoch*, 258 Neb. 1009, 607 N.W.2d 535 (2000).

■ In determining whether a cause of action has been stated, a petition is to be construed liberally; if as so construed the petition states a cause of action, the demurrer is to be overruled. *Id.*

## ANALYSIS

Wilkinson contends that he has stated a cause of action under §§ 20-202, 20-203, and 20-204. The tort of invasion of privacy in this state has been divided into these three statutory causes of action.

Accepting the truth of the facts that are well pled, as we do when reviewing a demurrer, Wilkinson first contends that § 20-202 applies because Methodist, Richard Young obtained his insurance information without his consent and utilized the information for the commercial purpose of filing an insurance claim. Section 20-202 provides in part: "Any person, firm, or corporation that exploits a natural person, name, picture, portrait, or personality for advertising or commercial purposes shall be liable for invasion of privacy."

■ Section 20-202 typically applies to cases in which a photograph or other likeness of a person is distributed without that person's consent for commercial gain. See, e.g., *Miller v. American Sports Co.*, 237 Neb. 676, 467 N.W.2d 653 (1991). In this case, Wilkinson alleges that his insurance information was used to file an insurance claim under an insurance policy that covered the daughter. Although Methodist, Richard Young received payment from the insurance company, Wilkinson's name or likeness was not exploited in the sense contemplated by § 20-202. We decline to extend § 20-202 to cover the facts of this case. Thus, Wilkinson cannot state a cause of action under § 20-202.

Wilkinson next contends that he has stated a cause of action under § 20-203 because Methodist, Richard Young intruded upon his private records. Section 20-203 provides: "Any person,

firm, or corporation that trespasses or intrudes upon any natural person in his or her place of solitude or seclusion, if the intrusion would be highly offensive to a reasonable person, shall be liable for invasion of privacy." Section 20-203 encompasses situations such as a reporter entering a hospital room and taking the photograph of a person suffering from a rare disease, "window peeking" or wiretapping by a private detective, obtaining access to a person's bank records pursuant to a forged order, or the continuance of frequent telephone solicitations. See *Kaiser v. Western R/C Flyers*, 239 Neb. 624, 477 N.W.2d 557 (1991).

Wilkinson alleges that Methodist, Richard Young obtained his insurance information through a search of the records stored in the Methodist Hospital computer. Thus, Methodist, Richard Young accessed its own property to acquire the information. We decline to extend a cause of action for invasion of privacy under § 20-203 to the facts of this case. Accordingly, Wilkinson cannot state a cause of action under § 20-203.

Finally, Wilkinson contends that he has stated a cause of action pursuant to § 20-204 on the basis that Methodist, Richard Young provided his insurance information to the daughter, the mother, the insurance company, and several hospital employees, thus placing him in a false light before the public. Section 20–204 provides: "Any person, firm, or corporation which gives publicity to a matter concerning a natural person that places that person before the public in a false light is subject to liability for invasion of privacy . . . ." In order to recover under § 20-204, the matter must be communicated to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. *Schoneweis v. Dando*, 231 Neb. 180, 435 N.W.2d 666 (1989).

Assuming, without deciding, that Wilkinson was put in a false light, in this case, we determine that Wilkinson's insurance information was not communicated to the public at large. Rather, the information was communicated to only the limited number of people necessary for the claim to be filed. We conclude that under the facts of this case, Wilkinson cannot recover under § 20-204.

The trial court denied Wilkinson leave to amend. If, upon the sustainment of a demurrer, it is clear that no reasonable pos-

sibility exists that an amendment will correct a pleading defect, leave to amend need not be granted. *Prokop v. Hoch*, 258 Neb. 1009, 607 N.W.2d 535 (2000). We conclude that amendment will not allow Wilkinson to state a cause of action. Accordingly, the defect cannot be cured, and the district court was correct in dismissing the action without leave to amend.

AFFIRMED.