IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

BLAIR V. DORY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STEVEN R. BLAIR, APPELLANT,
V.
PATTY DORY AND LORI ANZALDO, APPELLEES.

Filed July 22, 2014.    No. A-13-433.

Appeal from the District Court for Douglas County: W. MARK ASHFORD, Judge. Affirmed.

Steven R. Blair, pro se.

No appearance for appellees.

MOORE, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Steven R. Blair appeals from the order of the district court for Douglas County which dismissed his action with prejudice. Blair argues that the district court erred in finding that his causes of action were barred by the statutes of limitations. Finding no merit to his argument, we affirm.

## BACKGROUND

On April 30, 2012, Blair filed this action against Patty Dory and Lori Anzaldo for malicious prosecution, false arrest/false imprisonment, and abuse of process. An amended complaint was filed on January 17, 2013.

According to Blair's complaint, he was arrested and charged with kidnapping, terroristic threats, and use of a deadly weapon to commit a felony in 1997 based on allegations made by Dory and Anzaldo. Blair was tried, convicted, and sentenced to prison. Although Blair's convictions were affirmed on direct appeal, he later filed a successful postconviction action and

was released from incarceration. All of the criminal proceedings against Blair were dismissed on January 15, 2008.

Dory and Anzaldo filed a motion to dismiss the present action, alleging that the amended complaint fails to state a claim upon which relief may be granted. The district court agreed, concluding that Blair's causes of action are barred by the applicable statutes of limitations, and dismissed the action with prejudice. Blair now appeals to this court.

## ASSIGNMENT OF ERROR

Blair assigns that the district court erred in dismissing the action with prejudice.

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo. *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013). When reviewing a dismissal order, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the pleader's conclusions. *Id*.

## ANALYSIS

Blair asserts that the district court erred in concluding that the statutes of limitations had run on his causes of action. Blair's amended complaint alleged three causes of action: malicious prosecution, false arrest/false imprisonment, and abuse of process. The statute of limitations for a malicious prosecution action is 1 year from the date the underlying case is terminated. *Prokop v. Hoch*, 258 Neb. 1009, 607 N.W.2d 535 (2000). The statute of limitations on claims for false arrest/false imprisonment and abuse of process is set out in Neb. Rev. Stat. § 25-207(3) (Reissue 2008), which provides that actions for an injury to the rights of the plaintiff not arising on contract must be brought within 4 years.

In the present case, Blair's amended complaint states that the criminal proceedings against Blair were dismissed on January 15, 2008. Blair's initial complaint in this court was not filed until April 30, 2012. Thus, the statutes of limitations had run on all of his claims before this action was commenced. Where "'the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief,'" a motion to dismiss a complaint may be granted. *Doe v. Omaha Pub. Sch. Dist.*, 273 Neb. 79, 86, 727 N.W.2d 447, 454-55 (2007), quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004).

Blair argues that the statutes of limitations were tolled during the time he filed claims against Dory and Anzaldo in federal court; however, he failed to include such allegations in his complaint or introduce any evidence at the hearing on the motion to dismiss to support his claim.

If a complaint alleges a cause of action ostensibly barred by the statute of limitations, such complaint, in order to state a cause of action, must show some excuse tolling the operation and bar of the statute. *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992). Therefore, if a complaint, challenged under the statute of limitations, facially shows that a cause of action is barred by the statute of limitations, a plaintiff must allege facts sufficient to avoid the bar of a statute of limitations, and, at trial, must prove facts avoiding the statute of limitations. *Id*.

Blair's amended complaint, on its face, shows that his causes of action are barred by the statute of limitations. Specifically, the amended complaint states that all criminal charges against

him were dismissed on January 15, 2008, but the suit was not filed until April 30, 2012. Therefore, to avoid the bar of the statute of limitations, Blair must allege facts exempting his claims from operation of the statute of limitations. His amended complaint contained no such allegations.

At the hearing on the motion to dismiss, Blair failed to offer any evidence in defense of the motion to dismiss. We recognize that rule 12(b) of the Nebraska Court Rules of Pleading in Civil Cases provides that when a matter outside the pleadings is presented by the parties and accepted by the trial court, a defendant's motion to dismiss shall be treated as a motion for summary judgment. See, Neb. Ct. R. Pldg. § 6-1112(b)(6); *Doe v. Omaha Pub. Sch. Dist., supra.* However, in *Doe v. Omaha Pub. Sch. Dist., supra*, the Nebraska Supreme Court stated that where evidence offered at a hearing on a motion to dismiss does not directly address the factual allegation of the complaint, it did not establish the absence of a genuine issue of material fact and it was appropriate to review the matter under the standard of review for a motion to dismiss. In the present case, however, Blair neither requested the opportunity to present evidence nor offered any at the hearing.

Blair's counsel argued at the hearing that Blair had previously sued Dory and Anzaldo in federal court, and the present state law claims were joined in the prior suits. Counsel argued that the claims had been dismissed without prejudice, allowing Blair to bring those claims in state court, and that the mandate had just been entered in the U.S. District Court for the District of Nebraska in April 2012. Thus, Blair's counsel claimed, his federal suits tolled the statute of limitations with respect to his state law claims.

While this may be true, Blair's amended complaint did not include any such allegations and Blair failed to offer any evidence proving that he filed his current causes of action against Dory and Anzaldo in federal court, or if they were filed, the resolution of those claims. Oral argument by counsel at the trial level is not evidence. *State v. Bassette*, 6 Neb. App. 192, 571 N.W.2d 133 (1997). Accordingly, Blair has failed to meet his burden of alleging or proving facts establishing that the statute was tolled. Consequently, the district court did not err in granting the motion to dismiss.

Blair also argues that his amended complaint should not have been dismissed with prejudice; we disagree. Under Nebraska law, an action may be dismissed without prejudice to a future action:

> (1) by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court; (2) by the court where the plaintiff fails to appear at trial; (3) by the court for want of necessary parties; (4) by the court on application of some of the defendants where there are others whom the plaintiff fails to diligently prosecute; (5) by the court for disobedience by the plaintiff of an order concerning the proceedings in the action.

Neb. Rev. Stat. § 25-601 (Reissue 2008). The present case does not fall within any of the categories outlined in § 25-601, and therefore, the district court did not err in dismissing it with prejudice.

## CONCLUSION

We conclude that the district court did not err in finding that the present action is barred by the applicable statutes of limitations and dismissing the action with prejudice. We therefore affirm the decision of the district court.

AFFIRMED.