## LaBenz Trucking, Inc., et al., Appellants, v. Richard A. Snyder, Appellee.

519 N.W.2d 259

Filed July 22, 1994. No. S-93-014.

Thomas R. Zakrzewski for appellants.

Vard R. Johnson, of Broom, Johnson, Fahey & Clarkson, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Fahrnbruch, Lanphier, and Wright, JJ.

Fahrnbruch, J.

Plaintiffs, LaBenz Trucking, Inc. (LaBenz Trucking), Tracy Valley Service Center, Inc. (Tracy Valley), and Denny LaBenz, appeal from a summary judgment entered in favor of defendant, Richard A. Snyder.

Plaintiffs sued Snyder, alleging that he had maliciously and intentionally damaged plaintiffs under color of office as city engineer for the city of Humphrey.

We affirm the order of the district court for Platte County granting summary judgment in favor of Snyder and dismissing plaintiffs' petition.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Barta v. Kindschuh, ante* p. 208, 518 N.W.2d 98 (1994). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

## FACTS

Viewed in the light most favorable to plaintiffs, and giving plaintiffs the benefit of all reasonable inferences deducible from the evidence, the relevant facts of this case are as follows:

LaBenz Trucking and Tracy Valley are corporations organized under the laws of the State of Nebraska and have their principal places of business in Humphrey. Denny LaBenz is a resident of Humphrey and is president of both LaBenz Trucking and Tracy Valley. Snyder is a resident of Columbus and was employed at all times material to this case as the city engineer for Humphrey.

Plaintiffs allege that on May 20, 1991, under the pretext of acting in his official capacity as city engineer, Snyder sent a letter to the Nebraska Department of Environmental Control on behalf of the city of Humphrey, "falsely and maliciously accusing plaintiffs of discharging sewage directly onto the ground."

Plaintiffs also allege that on occasions after May 20, 1991, Snyder "made statements to plaintiff threatening to destroy plaintiffs' business and that plaintiffs would know what court was all about before the Nebraska Department of Environmental Control was through with plaintiffs."

On October 19, 1992, plaintiffs filed suit against Snyder pursuant to Neb. Rev. Stat. § 28-926 (Reissue 1989), which provides that any public servant who by color of his office willfully harms any person shall be answerable in treble damages. Section 28-926 further provides that "[o]ppression

under color of office is a Class II misdemeanor." Plaintiffs did not plead to recover multiple damages, and expressly waived that right.

Snyder did not answer, but moved for summary judgment on the basis that plaintiffs' cause of action was time barred by Neb. Rev. Stat. §§ 25-208 (Cum. Supp. 1992) and 20-211 (Reissue 1991). At the hearing on Snyder's summary judgment motion, Snyder entered into evidence his affidavit stating that "any and all communications, statements or other activities referred to by the Plaintiffs, either generally or specifically, in their Petition filed in this matter have occurred more than one year prior to the filing of the Petition herein." No controverting evidence was entered by plaintiffs. The trial court sustained Snyder's motion for summary judgment and dismissed plaintiffs' petition.

Plaintiffs timely appealed to the Nebraska Court of Appeals. The case was removed from the Court of Appeals to this court pursuant to our authority to regulate the caseloads of the appellate courts of this state.

## ASSIGNMENT OF ERROR

Plaintiffs' sole assignment of error is that the trial court erred in holding that plaintiffs' cause of action against Snyder is barred by the 1-year statute of limitations of § 25-208.

## ANALYSIS

Plaintiffs argue that their cause of action is not barred by § 25-208 because (1) § 28-926 provides that oppression under color of office is a misdemeanor, and therefore, the 18-month statute of limitations in Neb. Rev. Stat. § 29-110 (Cum. Supp. 1992) controls; (2) plaintiffs have elected not to sue for treble damages, making § 28-926 remedial rather than penal, and therefore, § 25-208 does not apply; and (3) plaintiffs may elect the common-law remedy of compensatory damages without regard to § 28-926. We begin by addressing the issue of which statute of limitations controls, as raised in plaintiffs' first two arguments, which are interrelated.

Plaintiffs argue that their cause of action is not time barred by § 25-208 because that statute applies to actions which are *penal* in nature, and plaintiffs have waived treble damages, thus

making their action *remedial* in nature. Plaintiffs urge that their cause of action is instead subject to the 18-month statute of limitations for misdemeanors prescribed by § 29-110, because § 28-926 classifies oppression under color of office as a Class II misdemeanor.

Plaintiffs' argument that their case is subject to the statute of limitations in § 29-110 is meritless. We have held that chapter 29 of the Nebraska Revised Statutes applies only to criminal procedure, and therefore, the statute of limitations in § 29-110 has no application to civil cases. See *In re Interest of Hollenbeck*, 212 Neb. 253, 322 N.W.2d 635 (1982). Cf. *State, ex rel. Wright, v. Barlow*, 132 Neb. 166, 271 N.W. 282 (1937) (holding that the statute of limitations in § 29-110 did not apply to criminal contempt, and explaining that an act denounced by statute as a crime could constitute contempt of court even if the offender could be prosecuted under a criminal statute). The plaintiffs have brought a civil action against Snyder, and thus, § 29-110 has no application to plaintiffs' case.

Next we determine whether § 25-208 is applicable to plaintiffs' cause of action. Section 25-208 states:

> The following actions can only be brought within the periods stated in this section: Within one year, an action for libel, slander, assault and battery, false imprisonment, or malicious prosecution or *an action upon a statute for a penalty* or forfeiture, but if the statute giving such action prescribes a different limitation, the action may be brought within the period so limited . . . .

(Emphasis supplied.)

If plaintiffs' lawsuit is an action upon a statute for a penalty, the 1-year statute of limitations in § 25-208 is applicable and will bar plaintiffs' action.

Plaintiffs contend that § 28-926 is remedial *as to them*, and not penal, because even though the statute provides for treble damages, plaintiffs have waived treble damages and have sought only actual damages.

A statute which imposes liability for actual damages and additional liability for the same act exacts a penalty. *Abel v. Conover*, 170 Neb. 926, 104 N.W.2d 684 (1960); *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 443 N.W.2d

566 (1989). Plaintiffs cite no authority, nor has our research discovered any, to support the proposition that a party may convert a purely penal statute into a remedial one simply at the election of the party.

Plaintiffs attempt to support their argument by relying on *Department of Banking v. McMullen*, 134 Neb. 338, 278 N.W. 551 (1938), in which we held that a statute may be penal in part and remedial in part. However, *McMullen* is easily distinguished from the present case. In *McMullen*, the statute in question provided separate types of damages for separate violations of the banking law at issue. This is not true of § 28-926, which provides only that a public servant who violates the statute "shall be answerable to the party so injured, deceived, or harmed or oppressed *in treble damages.*" (Emphasis supplied.) There is no other type or measure of damages provided to an aggrieved party bringing an action against a civil servant pursuant to § 28-926.

This is consistent with our holding in *Sunderland Bros. Co. v. Chicago, B. & Q. R. Co.*, 104 Neb. 319, 177 N.W. 156 (1920), *reh'g denied* 104 Neb. 322, 179 N.W. 546. In *Sunderland Bros. Co.*, this court struck down a statute as unconstitutionally exacting a penalty, and stated that "[t]he question of election . . . is not in the case before us, since, *by the wording of the statute in question, no election is provided . . . .*" (Emphasis supplied.) 104 Neb. at 327, 179 N.W. at 548.

Likewise, the plain wording of § 28-926 does not provide for any election of damages by a plaintiff. Because the Legislature has not seen fit, in § 28-926, to provide for an election between actual and treble damages, this court may not construe the statute to so provide.

We therefore hold that § 28-926 is penal in nature and that plaintiffs' action is one "upon a statute for a penalty." As such, plaintiffs' action is subject to the 1-year statute of limitations of § 25-208.

Finally, we turn to plaintiffs' argument that they may elect a common-law remedy for compensatory damages. Assuming that plaintiffs could elect such a remedy, their allegations that Snyder falsely and maliciously accused plaintiffs of wrongdoing amounts to an action for defamation.

Nebraska recognizes common-law actions for libel and slander, both of which are subject to the same 1-year statute of limitations as an action on a statute for a penalty. See § 25-208. Nebraska also recognizes a statutory cause of action for invasion of privacy, which is likewise subject to a 1-year statute of limitations. See Neb. Rev. Stat. §§ 20-204 (Reissue 1991) and 20-211. Therefore, any common-law remedy elected by plaintiffs is also barred.

Because it is uncontroverted that all events upon which plaintiffs rely in their petition occurred more than 1 year prior to the filing of plaintiffs' petition, and because plaintiffs' action is time barred by the applicable statutes of limitations, Snyder is entitled to judgment as a matter of law. The district court correctly granted judgment for Snyder and dismissed plaintiffs' petition with prejudice.

## CONCLUSION

The district court correctly found that plaintiffs' cause of action was filed out of time. We affirm the order of the district court granting summary judgment to defendant and dismissing plaintiffs' petition.

AFFIRMED.