PATRICIA A. MULINIX, APPELLANT, V. PAIGE J. ROBERTS,
PERSONAL REPRESENTATIVE OF THE ESTATE OF
CHARLES V. WEBER, DECEASED, APPELLEE.
626 N.W.2d 220

Filed May 18, 2001.   No. S-99-1436.

Kile W. Johnson, of Johnson, Flodman, Guenzel & Widger, for appellant.

Stephanie F. Stacy, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE AND BACKGROUND

On August 8, 1997, appellant Patricia A. Mulinix filed this action against appellee Paige J. Roberts, personal representative of the estate of Charles V. Weber, deceased. On April 17, 1993, Mulinix was injured in a truck-car accident, in which Weber died. Roberts was appointed personal representative of Weber's estate in April 1997. On April 16, Mulinix filed a claim in Weber's estate proceedings seeking monetary damages for injuries suffered in the accident. Roberts denied the claim and mailed a notice of disallowance to Mulinix on June 9. On August 8, within 60 days of this notice, Mulinix filed her petition against Roberts. Roberts filed a demurrer, alleging that Mulinix's petition failed to state a cause of action because the applicable statute of limitations barred the action. The trial court sustained the demurrer and ordered a dismissal. We removed this case to our docket under our power to regulate the caseloads of this court and the Nebraska Court of Appeals.

The trial court based its order of dismissal on Neb. Rev. Stat. §§ 25-207 and 30-2486 (Reissue 1995). The trial court stated § 25-207 requires that actions grounded in tort must be commenced within 4 years of the occurrence of the event giving rise to the cause of action. In addition, the trial court's order stated

that § 30-2486 of the Nebraska Probate Code offers two options for presenting a claim:

"(1) The claimant may file a written statement of the claim . . . with the clerk of the court. . . .

"(2) The claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction . . . **but the commencement of the proceeding must occur within the time limited for presenting the claim.**"

The trial court determined the following:

Though the language in [Neb. Rev. Stat.] § 30-2484 [(Reissue 1995)] states that ". . . For purposes of any statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim", the language in § 30-2486, along with the comments cited by [Roberts] offers a more definite statement of the law. The Nebraska Probate Code offers two options for presenting a claim under § 30-2486: (1) the claimant may file a written statement of the claim with the clerk of court, or (2) the claimant may commence a proceeding against the personal representative in any court which has subject matter jurisdiction. Since these two options are separate in the statute, the filing of a claim against the estate does not equal the commencement of a proceeding. Additionally, § 30-2486(2) states that "the commencement of the proceeding must occur within the time limited for presenting the claim," specifically, the four year statute of limitations that began running on April 17, 1993 and expired on April 17, 1997. [Mulinix] did not commence a proceeding until August 8, 1997 and, therefore, did not come within the applicable statute of limitations.

## ASSIGNMENT OF ERROR

Mulinix assigns that the trial court erred in sustaining Roberts' demurrer and dismissing Mulinix's action on the basis of the statutes of limitations, §§ 25-207 and 30-2486 and Neb. Rev. Stat. §§ 30-2484 and 30-2488 (Reissue 1995).

## STANDARD OF REVIEW

In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept the conclusions of the pleader. *Tilt-Up Concrete v. Star City/Federal, ante* p. 64, 621 N.W.2d 502 (2001); *Freeman v. Hoffman-La Roche, Inc.*, 260 Neb. 552, 618 N.W.2d 827 (2000); *Wilkinson v. Methodist, Richard Young Hosp.*, 259 Neb. 745, 612 N.W.2d 213 (2000). If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000); *Big John's Billiards v. Balka*, 260 Neb. 702, 619 N.W.2d 444 (2000). Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Daniels v. Allstate Indemnity Co., ante* p. 671, 624 N.W.2d 636 (2001); *Brandon v. County of Richardson, ante* p. 636, 624 N.W.2d 604 (2001).

## ANALYSIS

Mulinix argues that the filing of a claim with the estate is equivalent to commencement of a proceeding on the claim under § 30-2486(1). Mulinix supports this argument by citing § 30-2484 which states in part, "For purposes of any statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim." Mulinix argues that the plain language of the relevant statutes, §§ 30-2484 and 30-2486, support her argument. Mulinix maintains that her filing of a claim against Weber's estate on April 16, 1997, is "equivalent to commencement of a proceeding on the claim." Mulinix concludes that she commenced a proceeding within the 4-year statute of limitations. Therefore, because her petition against Roberts was filed within 60 days of the notice of disallowance, as required by §§ 30-2486(3) and 30-2488(a), the trial court erred in sustaining Roberts' demurrer.

Roberts argues that Uniform Probate Code comments to § 30-2486 support her argument that Mulinix filed her action well beyond the 4-year statute of limitations.

The issue is whether presenting a claim by filing it against an estate commences a proceeding on that claim for the purpose of the running of the 4-year statute of limitations. The Nebraska Probate Code, specifically § 30-2484, states:

> Unless an estate is insolvent the personal representative, with the consent of all successors, may waive any defense of limitations available to the estate. If the defense is not waived, no claim which was barred by any statute of limitations at the time of the decedent's death shall be allowed or paid. The running of any statute of limitations measured from some other event than death and advertisement for claims against a decedent is suspended during the two months following the decedent's death but resumes thereafter as to claims not barred pursuant to the sections which follow. For purposes of any statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim.

The pertinent part of § 30-2486 states, "Claims against a decedent's estate may be presented as follows: (1) The claimant may file a written statement of the claim, in the form prescribed by rule, with the clerk of the court."

Section 30-2484 states that "[f]or purposes of *any* statute of limitations, the proper presentation of a claim under section 30-2486 is equivalent to commencement of a proceeding on the claim." (Emphasis supplied.) If the language of a statute is clear, the words of such statute are the end of any judicial inquiry regarding its meaning. *Vopalka v. Abraham*, 260 Neb. 737, 619 N.W.2d 594 (2000); *Big John's Billiards v. Balka*, 260 Neb. 702, 619 N.W.2d 444 (2000). This language is clear and unambiguous and therefore not open to statutory construction. As such, this court will not rely on the comment from § 30-2486 to interpret the meaning of § 30-2484. Filing a claim against the estate with the clerk of the court is equivalent to commencement of a proceeding on the claim.

Mulinix filed a claim in Weber's estate on April 16, 1997, under § 30-2486(1). This claim, which was properly presented

under § 30-2486(1), is equivalent to the commencement of a proceeding on this claim under § 30-2484. Therefore, Mulinix commenced a proceeding on her claim before the applicable 4-year statute of limitations under § 25-207 ran.

Roberts then denied the claim and mailed the notice of disallowance on June 9, 1997. Sections 30-2486(3) and 30-2488(a) allow the claimant to commence a proceeding against the personal representative after mailing of the notice of disallowance. Section 30-2486(3) states in pertinent part, "If a claim is presented under subsection (1), no proceeding thereon may be commenced more than sixty days after the personal representative has mailed a notice of disallowance . . . ." Section 30-2488(a) states in pertinent part:

> Every claim which is disallowed in whole or in part by the personal representative is barred so far as not allowed unless the claimant files a petition for allowance in the court or commences a proceeding against the personal representative not later than sixty days after the mailing of the notice of disallowance or partial allowance if the notice warns the claimant of the impending bar.

Mulinix, under authority of §§ 30-2486(3) and 30-2488(a) then, within 60 days, proceeded to file this action against Roberts on August 8, 1997. The trial court ruled that Mulinix commenced this proceeding on that date and therefore missed the 4-year statute of limitations. The trial court erred in determining that the filing of a claim against Weber's estate by Mulinix on April 16, 1997, was not the commencement of a proceeding on this claim.

By filing a claim with the clerk of the court against Weber's estate on April 16, 1997, Mulinix actually did commence a proceeding 1 day before the 4-year statute of limitations ran. Then under the authority of §§ 30-2486(3) and 30-2488(a), Mulinix had 60 days after Roberts mailed notice of disallowance to commence a proceeding against the personal representative. Mulinix's petition dated August 8, 1997, was within 60 days of the notice of disallowance.

## CONCLUSION

Having determined that Mulinix commenced a proceeding within the 4-year statute of limitations, we hold that the trial court

erred in sustaining Roberts' demurrer and erred in dismissing the case. Therefore, the ruling of the trial court is reversed.

REVERSED.