RENAE SPRADLIN, APPELLANT, V. DAIRYLAND INSURANCE
COMPANY AND SENTRY INSURANCE A MUTUAL
COMPANY, APPELLEES.

641 N.W.2d 634

Filed April 12, 2002.   No. S-00-1108.

Lori L. Phillips, for Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Gary J. Nedved, of Keating, O'Gara, Davis & Nedved, P.C., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Appellees, Dairyland Insurance Company (Dairyland) and Sentry Insurance a Mutual Company (Sentry), issued to appellant, Renae Spradlin, an insurance policy that included underinsured motorist coverage. Spradlin was involved in an automobile accident which resulted in the death of a passenger in her automobile, Cashe Klein. Rebecca L. Klein, the mother of Cashe, assigned to Spradlin her cause of action against Dairyland and Sentry. Spradlin brought a cause of action against Dairyland and Sentry pursuant to the wrongful death statutes. See Neb. Rev. Stat. § 30-809 (Reissue 1995). Dairyland and Sentry filed a demurrer, which the trial court sustained, and Spradlin appealed. We affirm the order of the trial court.

## BACKGROUND

On June 4, 1998, Spradlin was operating her automobile in a westerly direction approaching an intersection in rural Phelps County, Nebraska. At the same time, Kenton Benson was operating his automobile in a southerly direction, approaching the same intersection. The entrance to the intersection from the north was controlled by a stop sign. Benson did not yield to Spradlin's automobile when he entered the intersection and collided with Spradlin's automobile. As a result, Cashe, a minor child, who was a passenger in Spradlin's automobile, was killed.

At the time of the accident, Spradlin owned an insurance policy that provided underinsured motorist coverage, which she had purchased from Dairyland and Sentry.

Cashe's mother, Rebecca, was appointed personal representative of Cashe's estate and assigned to Spradlin her causes of action against Dairyland and Sentry in her capacity as personal representative and as surviving parent of Cashe. Benson's insurance carrier, Shelter Insurance, provided a total of $50,000 of coverage, which was divided equally between Cashe's estate and Spradlin's family. The $25,000 received by Cashe's estate was allegedly insufficient to compensate for all of the damages sustained by the estate.

On June 2, 2000, Spradlin filed a petition in the district court for Phelps County against Dairyland and Sentry for the wrongful death of Cashe. Pursuant to Neb. Rev. Stat. § 25-806(2) and (6) (Reissue 1995), Dairyland and Sentry filed a demurrer to Spradlin's petition, asserting that the petition did not state facts sufficient to constitute a cause of action and that Spradlin had no legal capacity to sue for the wrongful death of Cashe. The trial court sustained Dairyland and Sentry's demurrer, gave Spradlin 30 days to amend her petition, and later dismissed Spradlin's cause of action. Thereafter, Spradlin appealed to the Nebraska Court of Appeals. On its own motion, this court removed the case to its docket.

## ASSIGNMENT OF ERROR

Spradlin claims that the trial court erred in sustaining Dairyland and Sentry's demurrer.

## STANDARD OF REVIEW

■ In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept the conclusions of the pleader. *Mulinix v. Roberts*, 261 Neb. 800, 626 N.W.2d 220 (2001).

■ In determining whether a cause of action has been stated, the petition is to be construed liberally. If, as so construed, the petition states a cause of action, a demurrer based on the failure to state a cause of action must be overruled. *J.B.*

*Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001).

■ Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Malone v. American Bus. Info.*, 262 Neb. 733, 634 N.W.2d 788 (2001).

## ANALYSIS

Spradlin argues that she stated facts sufficient to constitute a cause of action and alleges that Rebecca validly assigned to Spradlin her cause of action. The assignment stated:

> THE UNDERSIGNED, in consideration of the parties' agreement with respect to the division of proceeds recovered from Shelter Insurance and the Estate of Kenton Benson, assigns to Renae Spradlin in her individual capacity as biological mother of Dylan Hauser and Andrew Spradlin, and as conservator of the Estate of Dylan Hauser and Estate of Andrew Spradlin, all of her rights and interests in and unto any cause of action, claims and damages sustained by herself individually and as parent, guardian and personal representative of Cashe Klein, deceased, arising out of or in connection with an accident occurring on June 4, 1998, in Phelps County, Nebraska in which Cashe Klein was killed. This assignment is an assignment only of claims the undersigned may have against Renae Spradlin's insurance carrier pursuant to and under the underinsurance provisions of said policy.

The language contained in the assignment delineates the intent of Rebecca to transfer her present interest in the wrongful death cause of action to Spradlin. As a result, Spradlin argues that she possesses Rebecca's rights in pursuing the wrongful death cause of action. In taking such a position, Spradlin necessarily argues that Nebraska law allows for a wrongful death cause of action to be assigned.

We initially note that Dairyland and Sentry cited two reasons in support of their demurrer: (1) The petition does not state facts sufficient to state a cause of action and (2) Spradlin has no legal capacity to sue for the wrongful death of Cashe. In the order sustaining the demurrer, the trial court did not specify the ground upon which it relied.

In *Coburn v. Reiser*, 254 Neb. 495, 577 N.W.2d 289 (1998), we stated that when a demurrer is interposed stating several grounds, the court sustaining the demurrer should specify the grounds upon which the demurrer is sustained. If the trial court does not specify such grounds, an appellate court is not informed in regard to wherein the complaint was determined to be deficient. However, an order sustaining a demurrer will be affirmed if any one of the grounds upon which it was asserted is well taken. *Noffsinger v. Nebraska State Bar Assn.*, 261 Neb. 184, 622 N.W.2d 620 (2001).

According to Neb. Rev. Stat. § 30-810 (Reissue 1995), an action for wrongful death "shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower and next of kin." As a general rule, in the construction of statutes, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *Creighton St. Joseph Hosp. v. Tax Eq. & Rev. Comm.*, 260 Neb. 905, 620 N.W.2d 90 (2000). The use of the word "shall" in § 30-810 precludes anyone but the personal representative from bringing the cause of action.

In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Burlington Northen Santa Fe Ry. Co. v. Chaulk*, 262 Neb. 235, 631 N.W.2d 131 (2001); *In re Guardianship & Conservatorship of Garcia*, 262 Neb. 205, 631 N.W.2d 464 (2001).

The plain language of the statute allows only the personal representative to bring the action and only the widow, widower, or next of kin to benefit. We therefore hold that a wrongful death cause of action cannot be assigned.

A statement of facts sufficient to constitute a cause of action, as used in § 25-806(6), means a narrative of events, acts, and things done or omitted which shows a legal liability of the defendant to the plaintiff. *Coburn v. Reiser, supra.* Since Rebecca could not have validly assigned her wrongful death action to Spradlin, Spradlin could not have validly brought the claim against Dairyland and Sentry. Under the plain language of § 30-810, Spradlin is not a proper plaintiff in a cause of action for the wrongful death of Cashe. Thus, Dairyland and Sentry

cannot be legally liable to Spradlin for the wrongful death of Cashe, and Spradlin has failed to state facts sufficient to constitute a cause of action.

## CONCLUSION

We conclude that the plain language of § 30-810 does not allow for the assignment of a wrongful death cause of action. That being so, Spradlin has failed to state facts in her petition sufficient to constitute a cause of action. Thus, the trial court was correct in sustaining the demurrer to Spradlin's petition and dismissing the action.

AFFIRMED.

HENDRY, C.J., not participating.