EDWARD SHIRLEY, APPELLANT, V. BEVERLY NETH,
DIRECTOR OF THE DEPARTMENT OF MOTOR VEHICLES,
STATE OF NEBRASKA, APPELLEE.

646 N.W.2d 587

Filed June 21, 2002.  No. S-01-404.

Jeffrey A. Silver for appellant.

Don Stenberg, Attorney General, and Jodi M. Fenner for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## I. NATURE OF CASE
Edward Shirley filed a petition under Neb. Rev. Stat. § 60-503 (Reissue 1998) in the district court for Douglas County in which he alleged in his first count that the suspension of his driver's license by Beverly Neth, director of the Department of Motor Vehicles, State of Nebraska, was improper and in his second count that the Motor Vehicle Safety Responsibility Act, Neb. Rev. Stat. § 60-501 et seq. (Reissue 1998), violated constitutional due process guarantees. The district court sustained the general demurrer of Neth and dismissed the petition. Shirley appeals. We affirm the sustaining of the demurrer as to the second count of Shirley's petition, but reverse, and remand for further proceedings with respect to the first count.

## II. STATEMENT OF FACTS
Shirley was involved in an automobile accident on November 22, 1998. Because Shirley was an uninsured motorist, he was notified by the Department of Motor Vehicles (hereinafter Department) on March 26, 1999, that his license would be suspended effective April 15 unless he complied with the Motor Vehicle Safety Responsibility Act (hereinafter Act) by one of the methods prescribed therein. Shirley satisfied the requirements of the Act by depositing with the Department a bond in the amount of $1,002.

On December 7, 2000, the Department notified Shirley that the bond was no longer required because 2 years had passed since the accident. In order to receive a refund of the bond amount, Shirley signed an affidavit on December 19 in which he swore, inter alia, that no action had been instituted against him for any claim arising out of the accident. However, contrary to the statements in the affidavit and prior to the Department's

issuing the scheduled refund, the Douglas County Small Claims Court notified the Department of an unsatisfied judgment against Shirley arising out of the November 22, 1998, accident. On December 18, the day before Shirley signed the affidavit, the Department suspended Shirley's driver's license. The suspension was effective until the judgment was satisfied.

On December 22, 2000, Shirley filed a petition in district court pursuant to § 60-503, appealing the suspension. Shirley alleged in the first count that the suspension was unconstitutional in an unspecified manner, was not supported by evidence, was arbitrary and capricious, and was contrary to law. In the second count, he alleged that the Act was unconstitutional on its face because it violated the due process clauses of the U.S. and Nebraska Constitutions. Neth demurred to Shirley's petition. The district court sustained the demurrer and dismissed Shirley's petition. Shirley appeals.

### III. ASSIGNMENTS OF ERROR
Shirley asserts, restated, that the district court erred in sustaining the demurrer and dismissing his petition because (1) the district court could not consider a demurrer to a case brought under the Act and (2) his petition stated a cause of action.

### IV. STANDARDS OF REVIEW
■ When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

■ In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept the conclusions of the pleader. *Spradlin v. Dairyland Ins. Co.*, 263 Neb. 688, 641 N.W.2d 634 (2002).

■ In determining whether a cause of action has been stated, the petition is to be construed liberally. If, as so construed, the petition states a cause of action, a demurrer based on the failure to state a cause of action must be overruled. *Id.*

■ Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Id.*

## V. ANALYSIS

### 1. DEMURRER AS PROPER PLEADING

On appeal, Shirley asserts that a demurrer is not a proper pleading in response to a petition filed pursuant to § 60-503 and that as a consequence, the district court erred in considering Neth's demurrer to his petition. The thrust of Shirley's argument is that an action brought under § 60-503 is akin to an appeal, to which a demurrer is inappropriate. We reject Shirley's claim and conclude that a demurrer is allowed as a responsive pleading to a petition filed under § 60-503.

Section 60-503(1) provides:

> Any person aggrieved by an order or act of the department under the Motor Vehicle Safety Responsibility Act may, within thirty days after notice thereof, file a petition in the district court of the county where the aggrieved person resides, but in the event the aggrieved person is a nonresident, then such petition shall be filed in the district court of Lancaster County for a review thereof. The filing of such petition shall suspend the order or act pending a final determination of the review. The license or registration of any person claiming to be aggrieved shall not be restored to such person in the event the final judgment of a court finds against such person until the full time of revocation as fixed by the department shall have elapsed. The court shall summarily *hear the petition as a case in equity* without a jury and *may make any appropriate order or decree.*

(Emphasis supplied.)

Although § 60-503 provides that the district court shall summarily hear the petition, as a matter of statutory interpretation, we conclude that the explicit provision in § 60-503 that a petition filed pursuant to that section is to be heard "as a case in equity" and the further provision that the court "may make any appropriate order or decree," taken together, indicate that a case brought under § 60-503 is not a summary proceeding. A case brought "in equity" presupposes a civil action. See Neb. Rev.

Stat. § 25-101 (Reissue 1995). In considering the process under § 60-503, we have stated that a petitioner proceeding under § 60-503 is "afforded an opportunity to present evidence and cross-examine witnesses at the hearing held in the district court." *Wollenburg v. Conrad*, 246 Neb. 666, 671, 522 N.W.2d 408, 412 (1994). Because an action brought on by a petition under § 60-503 is to be heard as a case in equity, including the opportunity to present evidence and to cross-examine witnesses, the process to be followed under § 60-503 is that applicable to civil actions.

Neb. Rev. Stat. § 25-803 (Reissue 1995) provides that in civil actions, including cases in equity, "[t]he only pleadings allowed are (1) the petition by the plaintiff; (2) the answer or demurrer by the defendant; (3) the demurrer or reply by the plaintiff; and (4) the demurrer to the reply by the defendant." We further note that Neb. Rev. Stat. § 25-806 (Reissue 1995) provides:

> The defendant may demur to the petition only when it appears on its face (1) that the court has no jurisdiction of the person of the defendant or the subject of the action; (2) that the plaintiff has not legal capacity to sue; (3) that there is another action pending between the same parties for the same cause; (4) that there is a defect of parties, plaintiff or defendant; (5) that several causes of action are improperly joined; or (6) that the petition does not state facts sufficient to constitute a cause of action.

Taking §§ 25-803 and 25-806 together, it is clear that a demurrer is a proper responsive pleading to a civil action, including one brought "as a case in equity" under § 60-503, and that the grounds for a demurrer listed in § 25-806 may be raised against a petition filed pursuant to § 60-503.

■ Because petitions filed pursuant to § 60-503 are to be heard as civil cases in equity and because the challenges that may be raised by demurrer may be raised against a petition filed pursuant to § 60-503, we conclude that a demurrer is a permissible responsive pleading to a petition filed pursuant to § 60-503. We therefore conclude that the district court did not err in considering the demurrer filed by Neth, and we reject Shirley's first assignment of error.

## 2. Demurrer in Present Case

Shirley next asserts that even if a demurrer is a proper pleading to challenge a petition filed under § 60-503, the demurrer in this case should not have been sustained because his petition did not fail to allege facts stating a cause of action. Shirley fashioned his petition as containing two counts, and we will consider each count separately in reviewing whether the district court properly sustained Neth's demurrer as to that count.

### (a) First Count

In his first count, Shirley alleged that the suspension of December 18, 2000, was "(a) in violation of constitutional provision; (b) unsupported by competent, material, and substantial evidence in view of the entire record as made on review; (c) arbitrary and capricious; or (d) contrary to law and should be reversed by the Court." Shirley's allegation in the first count that the suspension of his driver's license by the Department was "in violation of constitutional provision" is apparently intended to be a challenge to the Act as applied to Shirley, not a facial challenge to the Act itself. Neth demurred to this count, and the district court sustained the demurrer.

On appeal, Shirley claims that the allegations contained in the first count of his petition were adequate to state a cause of action and that the demurrer was improperly sustained. Neth argues that the allegations in the petition as to the first count were inadequate, and in any event, taking the petition as a whole, including reference to the exhibits attached thereto, it is clear that the Department did nothing legally inappropriate and that Shirley's first count cannot succeed on the merits. Neth claims the district court did not err in sustaining her demurrer. We agree with Shirley's contention that the district court erred in sustaining the demurrer as to Shirley's first count.

Neth demurred to Shirley's petition pursuant to § 25-806(6), claiming that the petition failed to state facts sufficient to constitute a cause of action. As used in § 25-806(6), a statement of facts sufficient to constitute a cause of action means a narrative of events, acts, and things done or omitted which shows a legal liability of the defendant to the plaintiff. *Spradlin v. Dairyland Ins. Co.*, 263 Neb. 688, 641 N.W.2d 634 (2002). In determining

whether a cause of action has been stated, the petition is to be construed liberally. If, as so construed, the petition states a cause of action, a demurrer based on the failure to state a cause of action must be overruled. *Id.*

To form the basis for a case brought pursuant to § 60-503, a plaintiff must claim to have been "aggrieved by an order or act" of the Department under the Act. See § 60-503(1). When the plaintiff has sufficiently pled a narrative of events, acts, or things done or omitted claiming that he or she was aggrieved by the Department, pursuant to § 60-503, the plaintiff is ordinarily "afforded an opportunity to present evidence and cross-examine witnesses at the hearing held in the district court," *Wollenburg v. Conrad*, 246 Neb. 666, 671, 522 N.W.2d 408, 412 (1994), and is entitled to an evaluation of the evidence by the district court of the order or action of the Department.

To summarize, in his petition, Shirley alleged historical facts surrounding the bond he was required to deposit, the anticipated refund, and the fact that on December 18, 2000, the Department suspended his driver's license and privilege to operate a motor vehicle in the State of Nebraska purportedly due to an unsatisfied judgment. He also alleged that such suspension was "(a) in violation of constitutional provision; (b) unsupported by competent, material, and substantial evidence in view of the entire record as made on review; (c) arbitrary and capricious; or (d) contrary to law." Shirley's allegations in his first count are sufficient to state a cause of action under § 60-503.

In support of her contention that the demurrer to the first count was properly sustained, Neth directs our attention to the petition to which Shirley attached a copy of the December 18, 2000, suspension in which the Department declares that it has received a certified copy of a transcript of judgment filed against Shirley from the small claims court for Douglas County. See *Tilt-Up Concrete v. Star City/Federal*, 261 Neb. 64, 621 N.W.2d 502 (2001) (demurrer reaches exhibit filed with petition and made part thereof, so that court can consider such exhibit in determining whether petition states cause of action). Neth argues that because the Department had received a certified copy of an unsatisfied judgment against Shirley, it was required to suspend Shirley's license under § 60-517 and the allegation in

the first count of Shirley's petition under § 60-503 will ultimately fail. However, statements made by the Department are not alone sufficient to negate Shirley's allegations that such statements are unsupported by evidence, that the manner in which the suspension was imposed was arbitrary and capricious, and that the process by which the suspension was implemented was otherwise improper.

The demurrer was not properly sustained as to the first count because, as a matter of law, it contained allegations which, if found to be true, would support the granting of relief under § 60-503. We therefore reverse the granting of the demurrer and dismissal as to the first count and remand the cause to the district court for further proceedings with respect to the first count of Shirley's petition.

### (b) Second Count

In his second count, Shirley alleged that the December 18, 2000, suspension was improper "because the statutory framework upon which it is based, to-wit, [the Act,] is void as contrary to the due process clauses of the Nebraska and United States Constitution[s,] and is therefore unconstitutional in whole or in part." We conclude that in his second count, Shirley failed to state a cause of action upon which relief could be granted and that, therefore, the district court properly sustained Neth's demurrer as to the second count.

In his second count, Shirley challenged the validity of the suspension on the basis that the Act was unconstitutional on its face because of due process concerns. This court considered due process challenges to the Act in *Wollenburg v. Conrad*, 246 Neb. 666, 522 N.W.2d 408 (1994); *Clayton v. Nebraska Dept. of Motor Vehicles*, 247 Neb. 49, 524 N.W.2d 562 (1994); and *Russell v. State*, 247 Neb. 885, 531 N.W.2d 212 (1995). In *Clayton*, we stated that "the Act complies with the notice and hearing requirements of the federal and state Constitutions. Accordingly, [plaintiff]'s argument that the Act is unconstitutional on its face is without merit." 247 Neb. at 52, 524 N.W.2d at 565. Because we have previously rejected arguments that the Act is unconstitutional on its face because of due process concerns, Shirley failed to state a cause of action upon which relief could be granted in his second

count. We therefore conclude that the district court properly sustained Neth's demurrer to the second count and properly dismissed the second count. Our conclusions regarding the facial challenge to the Act asserted in the second count do not apply to the first count, which appears to include a constitutional challenge to the Act as applied to Shirley.

## VI. CONCLUSION

We conclude that a demurrer is a proper responsive pleading to a petition filed pursuant to § 60-503 and that the district court properly sustained Neth's demurrer to the second count of Shirley's petition. We therefore affirm the district court's order sustaining the demurrer as to the second count and dismissing the second count. We conclude, however, that the first count is adequately pled and that the district court erred in sustaining Neth's demurrer to the first count of Shirley's petition. We therefore reverse the district court's order of dismissal as to the first count and remand the cause for further proceedings consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.