FRANKIE LEVI COLE, APPELLANT, V.
BRIAN WILSON ET AL., APPELLEES.

661 N.W.2d 706

Filed May 27, 2003.   No. A-01-560.

Frankie Levi Cole, pro se.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellee.

IRWIN, Chief Judge, and CARLSON and MOORE, Judges.

CARLSON, Judge.

## INTRODUCTION

Frankie Levi Cole filed a petition for damages under Neb. Rev. Stat. § 28-926 (Reissue 1995) against Brian Wilson, James T. Howard, Claude R. Rinke, Janel Sparks, Layne A. Gissler, Fred Britten, Jeff Peterson, Brad Exstrom, and Harold W. Clarke (collectively appellees). Cole appeals from an order of the district court for Lancaster County sustaining the appellees' demurrers and dismissing Cole's petition. We affirm.

## BACKGROUND

On January 23, 2001, Cole filed a second amended petition alleging that the appellees committed oppression under color of office in violation of § 28-926, which provides:

(1) Any public servant or peace officer who, by color of or in the execution of his office, shall designedly, willfully, or corruptly injure, deceive, harm, or oppress any person, or shall attempt to injure, deceive, harm, or oppress any person, commits oppression under color of office, and shall be answerable to the party so injured, deceived, or harmed or oppressed in treble damages.

(2) Oppression under color of office is a Class II misdemeanor.

Cole's petition alleged that the appellees, all of whom are employees of the Nebraska Department of Correctional Services, committed certain oppressive acts against Cole between August 2000 and January 2001 while Cole was an inmate within the Department of Correctional Services. Cole's petition asked the court to impose treble damages against the appellees made payable to him and to impose misdemeanor penalties against the appellees.

On February 7 and 15, 2001, the appellees, in their individual capacities, filed demurrers pursuant to Neb. Rev. Stat. § 25-806 (Reissue 1995). The demurrers alleged that the district court had no jurisdiction over the subject matter of the action, that Cole's petition failed to state a cause of action upon which relief could be granted, and that there was a defect of parties. On April 16, the trial court sustained the appellees' demurrers, stating in its order as follows:

> [Cole] has brought this action pursuant to Neb.Rev.Stat. §28-926, a criminal statute. This statute provides for treble damages which, for many years, have not been recoverable in Nebraska. Consistent with prior holdings of the District Court of Lancaster County, Section 28-926 does not create an independent civil remedy.

The trial court dismissed Cole's petition, finding that the defects of the petition could not be cured by amendment. Cole has filed a timely appeal.

## ASSIGNMENTS OF ERROR

Cole assigns, restated, that the trial court erred in finding that § 28-926 does not provide for an independent civil remedy and in finding that treble damages are not recoverable in Nebraska.

## STANDARD OF REVIEW

When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *Shirley v. Neth*, 264 Neb. 138, 646 N.W.2d 587 (2002); *Salkin v. Jacobsen*, 263 Neb. 521, 641 N.W.2d 356 (2002).

In reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept the conclusions of the pleader. *Shirley v. Neth, supra*; *Spradlin v. Dairyland Ins. Co.*, 263 Neb. 688, 641 N.W.2d 634 (2002).

Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of that of the inferior court. *Id.*

## ANALYSIS

Cole assigns that the trial court erred in finding that § 28-926 does not provide for an independent civil remedy and in finding that treble damages are not recoverable in Nebraska. Cole's two assignments will be discussed together.

Recently, the U.S. District Court for the District of Nebraska had the opportunity to consider whether a civil cause of action exists under § 28-926. In *Stagemeyer v. County of Dawson, NE.*, 205 F. Supp. 2d 1107 (D. Neb. 2002), the court concluded that in the case before it, where the plaintiffs were seeking treble damages, § 28-926 did not support a civil cause of action. The court also determined that based on the case of *LaBenz Trucking v. Snyder*, 246 Neb. 468, 519 N.W.2d 259 (1994), it is highly questionable whether § 28-926 authorizes a civil cause of action seeking treble damages under any circumstances. In *LaBenz Trucking*, the plaintiffs brought a civil action against a city engineer pursuant to § 28-926. The plaintiffs contended that § 28-926 was remedial as to them, rather than penal, because they waived treble damages and sought only actual damages. The Nebraska Supreme Court stated that it could find no authority to support the proposition that a party may convert a purely penal statute into a remedial one simply at the election of the party. However, the outcome of the *LaBenz Trucking* case was based on a statute of limitations issue and not on whether § 28-926 allows for a civil remedy. The court concluded that because § 28-926 is penal in nature, a 1-year statute of limitations applied, and that the trial court therefore correctly found that the plaintiffs' cause of action was filed out of time.

■ Section 28-926 is clearly a criminal statute. It is found in chapter 28 (entitled "Crimes and Punishments"), article 9 (entitled "Offenses Involving Integrity and Effectiveness of Government Operation"), of the Nebraska Criminal Code. The offense of oppression under color of office is classified in the statute as a Class II misdemeanor. The plain language of § 28-926 does not provide a basis from which to infer that a civil cause of action exists. Based on the finding in *LaBenz Trucking v. Snyder, supra*, that a party may not convert a purely penal statute such as § 28-926 into a remedial one and based on the language of the statute, we conclude that § 28-926 is

purely criminal in nature and does not provide for an independent civil remedy.

Because § 28-926 is a criminal statute, a prosecution and conviction of public servants for the crime of oppression under color of office is necessary before any damages or penalties will be assessed. In the instant case, Cole does not allege, nor is there anything in the record to indicate, that any of the appellees have been convicted of oppression under color of office in regard to Cole. Furthermore, if any of the appellees had been convicted of such a crime, Cole personally would not be entitled to any damages. Although the statute says that the person who commits oppression shall be answerable to the party oppressed in treble damages, the language cannot mean that the damages go to the individual oppressed because this would contradict the Nebraska Constitution. Article VII, § 5, of the Nebraska Constitution provides:

> [A]ll fines, penalties, and license money arising under the general laws of the state . . . shall belong and be paid over to the counties respectively where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, bylaws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county shall belong and be paid over to the same respectively. *All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue . . . .*

(Emphasis supplied.)

Section 28-926 allows for treble damages. The effect of a statute that provides for recovery of treble damages is to authorize the actual damages to be determined and to arbitrarily require the defendant to pay three times the amount of damages, which sum is therefore a penalty. See *Abel v. Conover,* 170 Neb. 926, 104 N.W.2d 684 (1960). Since all penalties must go to the benefit of the common schools of the state, a penalty for the benefit of a private person is prohibited by article VII, § 5, of the Nebraska Constitution. See *Abel v. Conover, supra.* Therefore, treble damages under § 28-926 would not be payable to the individual who was oppressed. Rather, after a conviction of the

public servants, the trial court would determine damages based on the oppression suffered by the individual, and these damages would inure to the common schools of the state in accordance with article VII, § 5, of the Nebraska Constitution. We further note that if a civil cause of action did exist under § 28-926, a plaintiff would have no recovery under the statute, because recovery of treble damages by an individual would still be prohibited by the Nebraska Constitution, and the damages would go to the common school fund. See, also, *Stagemeyer v. County of Dawson, NE.*, 205 F. Supp. 2d 1107 (D. Neb. 2002) (even if § 28-926 did support civil cause of action, statute would be unconstitutional to extent it allowed recovery of treble damages unrelated to actual damages).

The trial court did not err in finding that § 28-926 does not provide for an independent civil remedy and that treble damages are not recoverable by an individual in Nebraska. Cole's assignments are without merit.

### CONCLUSION

We conclude that § 28-926 does not provide for an independent civil remedy. As such, Cole's petition failed to state a cause of action upon which relief could be granted, and the trial court did not err in sustaining the appellees' demurrers to Cole's petition.

AFFIRMED.